IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE INCLUSIVE COMMUNITIES PROJECT, INC. | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-07-CV-0945-O |
| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT | § § § | |
| Defendant. | § § | |

## MEMORANDUM ORDER

Plaintiff has filed a motion for leave to amend its complaint in this case brought under the Fair Housing Act of 1968 ("FHA"), 42 U.S.C. § 3601, *et seq.* Defendant opposes the motion because the proposed amendment expands the scope of this litigation by adding two new legal claims--one for alleged violations of section 804(a) of the FHA, and one for alleged violations of the equal protection clause of the Fifth Amendment. The parties have briefed their respective positions in a Joint Status Report filed on October 23, 2009, and the motion is ripe for determination.

Fed. R. Civ. P. 15(a) allows a party to amend its pleadings with leave of court, and "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Although a district court has broad discretion in deciding whether to grant leave to amend, the Fifth Circuit has long recognized that Rule 15(a) evinces a liberal amendment policy. *See Lowery v. Texas A&M University System*, 117 F.3d 242, 245 (5th Cir. 1997). Thus, leave to amend should be granted almost as a matter of course unless there is: (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) undue prejudice to the opposing party; or (3) the proposed amendment is futile.

See *Dallas & Mavis Specialized Carrier Co., LLC v. Pacific Motor Transport Co.*, Nos. 3-06-CV-1922-R & 3-07-CV-0942-R, 2007 WL 1974773 at *1 (N.D. Tex. Jul. 3, 2007), citing *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). Here, defendant argues that plaintiff waited 29 months after filing this action to amend its complaint. If plaintiff is allowed to add two new claims at this late date, defendant states it "would have no choice but to file another motion to dismiss, and both the parties and the Court would have to address complex legal issues well beyond the scope of the claims raised in plaintiff's original Complaint[,]" thereby disrupting the existing scheduling order and delaying the proceedings. (*See* Jt. Stat. Rep. at 3-4, 5-6).

The court recognizes that this case has been pending since May 2007. During much of that time, the court had under consideration defendant's motion to dismiss for lack of subject matter jurisdiction. On July 20, 2009, the magistrate judge recommended that the motion be granted in part and denied in part. That recommendation was adopted by the district judge on September 29, 2009. *See The Inclusive Communities Project, Inc. v. U.S. Dept. of Housing and Urban Development*, No. 3-07-CV-0945-O, 2009 WL 3122610 (N.D. Tex. Sept. 29, 2009). While objections to the recommendation were pending, the court issued a scheduling order establishing a December 18, 2009 deadline for plaintiff to file a motion for summary judgment. *See* Sch. Order, 8/18/09 at 1. Defendant has been ordered to file a combined response to plaintiff's motion for summary judgment and cross-motion for summary judgment by January 19, 2010. *Id.* The scheduling order also prohibits the parties from conducting any discovery outside the administrative record and set an October 15, 2009 deadline for the parties to amend their pleadings. *Id.* at 2. Plaintiff timely filed its motion for leave to amend on that date.

Although plaintiff could have sought leave to file an amended complaint while defendant's motion to dismiss was pending, its failure to do so was not the result of undue delay, bad faith, or

dilatory motive. Plaintiff was entitled to obtain a ruling on the threshold issue of subject matter jurisdiction before seeking leave to amend. Less than a month after the court finally decided that issue, plaintiff filed the instant motion. Defendant has failed to demonstrate how it will be prejudiced if the pleading amendment is allowed. Nor does defendant argue, much less prove, that the proposed amendment is futile. Defendant is right about one thing--it would disrupt the existing scheduling order if the court must decide a Rule 12 motion to dismiss the new allegations in the amended complaint. For that reason, and because the dispositive motion deadline is less than two months away, the court strongly encourages defendant *not* to file a Rule 12 motion.[1] Instead, defendant should raise any arguments attacking the legal sufficiency of plaintiff's newly pled claims at the summary judgment stage.

## CONCLUSION

Plaintiff's motion for leave to file an amend complaint [Doc. #40] is granted. The clerk is directed to file the amended complaint tendered by plaintiff.

SO ORDERED.

DATED: October 26, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] In the event defendant fails to heed this admonishment, the court may decide to summarily deny the Rule 12 motion and allow defendant to reurge its grounds for dismissal in a Rule 56 motion for summary judgment.